IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TRISHA JO EBARB                                                    PLAINTIFF

vs.                                Civil No. 1:11-cv-01039

MICHAEL J. ASTRUE                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Trisha Jo Ebarb ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff protectively filed an application for DIB September 26, 2008. (Tr. 104-105). Plaintiff alleged she was disabled due to degenerative disc disease, fibromyalgia, depression and anxiety. (Tr. 120). Plaintiff alleged an onset date of September 8, 2008. (Tr. 120). This application was denied initially and again upon reconsideration. (Tr. 58-60, 63-64). Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

67-68).

Plaintiff's administrative hearing was held on December 3, 2009, in El Dorado, Arkansas. (Tr. 32-55). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") David O'Neal, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-two (32) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 34-35).

On May 4, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 15-26). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 8, 2008, her alleged onset date. (Tr. 17, Finding 2). The ALJ noted Plaintiff was currently working twenty (20) a week at Wal-Mart, but the earnings did not rise to level of SGA. *Id*

The ALJ determined Plaintiff had the severe impairments of back impairments, fibromyalgia, depression, and anxiety. (Tr. 17, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-24, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform full range light work, but she is restricted to work where interpersonal contact is incidental to work performed, complexity of tasks is learned and performed by rote with few variable and little judgment, and the supervision required is simple, direct, and concrete. *Id.*

The ALJ also evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). The ALJ determined Plaintiff's PRW included work as a retail sales person. (Tr. 24). Based upon her RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.*

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 25, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as an inspector and hand packager with approximately 2,000 such jobs in the Arkansas and 500,000 such jobs in the nation, and work as a machine tender with approximately 1,200 such jobs in the Arkansas and 300,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from September 8, 2008 through the date of the ALJ's decision. (Tr. 26, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 10). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On June 16, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 8, 2011. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 5, 6. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

4

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 5. Specifically, Plaintiff claims the following: (1) the Appeals Council had an incomplete transcript on review, (2) the ALJ did not appreciate the nature of Plaintiff's impairments and did not consider the impairments in combination, (3) the ALJ improperly discounted her subjective complaints and (4) the ALJ used an improper hypothetical question with the VE. ECF No. 5, Pgs. 4-20. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 6.

#### A. Transcript on Review

Plaintiff argues this matter should be remanded because the Appeals Council erred by not considering medical records from treatment Plaintiff received after the ALJ's May 4, 2010 unfavorable decision. ECF No. 5, Pgs. 4-5. Plaintiff states she submitted to the Appeals Council a December 9, 2010, examination from the Little Rock Diagnostic Clinic; medical records from Dr. William Ackerman from December 18, 2010 to December 30, 2010; an examination from the Little Rock Diagnostic Clinic dated December 15, 2010; records from the Wal-Mart pharmacy dated

November 23, 2009 to December 20, 2010; records from the Brookshire Pharmacy dated July 27, 2009 to May 21, 2010; and records from Dr. Barry Thompson, dated July 22, 2010 through August 5, 2010.  ECF No. 5, Pg. 4.

The record does contain cover letters in which Plaintiff's counsel states he submitted these additional records in January and February 2011, (Tr. 5-7), but the record only contains records from Dr. Thompson, dated July 22, 2010 through August 5, 2010.  (Tr. 413-424).  None of the other records are contained in the record.  Therefore, it is not clear if any of these medical records were actually submitted.

The regulations and Eighth Circuit case law provide that if new evidence is submitted to the Appeals Council, the Appeals Council must consider evidence submitted with a request for review if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *See Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216-17 (8thCir.1990)); 20 C.F.R. § 404.976(b).  The records from Dr. Thompson are for treatment after the date of the ALJ's decision, therefore they do not relate to the period on or before the date of the ALJ's decision.  The other records are not contained in the transcript, therefore this Court is unable to determine whether or not these records relate to the period on or before the date of the ALJ's decision.

This Court finds no basis for remand based upon Plaintiff's argument that the Appeals Council had an incomplete transcript on review.

### B.  Combination of Impairments

Plaintiff argues the ALJ erred by failing to consider all of her impairments in combination. However, under the facts in the present case and after a thorough review of the ALJ's opinion and

the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 18, Finding 4) (emphasis added). The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform the full range of light work with non-exertional limitations related to her depression. (Tr. 19, Finding 5). The ALJ went on to state Plaintiff's RFC would not preclude her from performing other work that exists in significant numbers in the national economy. (Tr. 25, Finding 10).

These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination. Plaintiff has alleged she suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the

ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### C. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 5, Pgs. 16-18. Specifically, Plaintiff claims the ALJ erred by failing to make specific findings as to the relevant evidence considered in deciding to discredit Plaintiff's testimony. *See id.* Plaintiff claims the ALJ merely decided, without any reasoning or explanation, to disbelieve Plaintiff's subjective complaints. *See id.* In response, Defendant argues that the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 6, Pgs. 11-15.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints as required by *Polaski*. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 20-24). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain or inability to engage in light work, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff's

medication has been effective in controlling her symptoms with no side effects, and (5) Plaintiff is capable of working twenty (20) hours a week at Wal-Mart. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### D. Hypothetical Question

Plaintiff argues the hypothetical question posed by the ALJ to the VE failed to include all of Plaintiff's impairments, and as such, was an improper hypothetical. The Defendant asserts the ALJ's hypothetical question was proper and included all of the credible impairments found by the ALJ to be supported by the record.

It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had RFC to perform full range light work, but she was restricted to work where interpersonal contact is incidental to work performed, complexity of tasks is learned and performed by rote with few variable and little judgment, and the supervision required is simple, direct, and concrete (Tr. 19, Finding 5). In response to a hypothetical question containing these limitations, the VE testified Plaintiff was not capable of performing her past work. (Tr. 53). However, the VE testified Plaintiff would be able to perform work as an inspector and hand packager

with approximately 2,000 such jobs in the Arkansas and 500,000 such jobs in the nation, and work as a machine tender with approximately 1,200 such jobs in the Arkansas and 300,000 such jobs in the nation.  (Tr. 53-54).  Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act.  (Tr. 26, Finding 11).

Plaintiff argues the ALJ's hypothetical to the VE did not give proper weight to Plaintiff's treating physician, Dr. Barry Thompson, because Plaintiff was only allowed to return to work for twenty (20) hours per week according to Dr. Thompson's medical record of September 3, 2009. ECF No. 5, Pg. 5.

It does not appear that the ALJ discounted the opinions of Dr. Thompson in his opinion.  In fact, the treatment by Dr. Thompson is discussed throughout the decision. (Tr. 20-22).  Plaintiff was seen by Dr. Thompson on November 3, 2008 and January 5, 2009, and Plaintiff's condition was described by Dr. Thompson as only being temporarily disabling.  (Tr. 318,355).  The ALJ noted these visits and suggested that Plaintiff's inability to work was temporary.  (Tr. 20-21).  The ALJ also discussed Plaintiff's visit with Dr. Thompson on September 3, 2009 where Dr. Thompson wrote Plaintiff had been non-compliant in keeping her appointments and she could return to work for twenty (20) hours per week.  (Tr. 402-403).  Dr. Thompson's opinion that Plaintiff could return to work indicates Plaintiff's condition had been improving.  (Tr. 403).

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record.  *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true).  The VE stated Plaintiff was capable of performing work existing in significant numbers in the national economy.  Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the

ALJ's decision.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **28th day of August 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE